**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10420 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00142-JAM-1 |
| v. | |
| ALENA ALEYKINA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 14, 2020
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and VANDYKE, Circuit Judges.

Alena Aleykina, a former Internal Revenue Service ("IRS") Special Agent who investigated criminal tax fraud, appeals her jury trial convictions for filing false tax returns, stealing government money, and obstructing justice. We affirm the district court judgment in its entirety.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review de novo the denial of a motion for acquittal brought under Federal Rule of Criminal Procedure 29. *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004). "[A]fter viewing the evidence in the light most favorable to the prosecution," we determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (internal quotation marks & citation omitted). "The admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion." *United States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014) (internal quotation marks & citation omitted). "We review the district court's decision to admit expert testimony for abuse of discretion." *Id.* at 1202.

First, Aleykina claims that she did not violate 18 U.S.C. § 1519—which, among other things, prohibits obstruction of justice by destroying evidence— because forensic experts successfully recovered some of the files she deleted on her IRS laptop.[1] This argument fails because Aleykina succeeded in destroying *some* of the files on the laptop. And even if she had failed in her attempt to destroy all the files, in her attempt to do so she still altered evidence, which 18 U.S.C. § 1519 also prohibits, and which the government also charged along with destruction.

---

[1] Because the parties are familiar with the facts, we will not recite them here except as necessary.

Second, Aleykina challenges the district court's decision to limit her husband's testimony about her demeanor and behavior. Her briefing is unclear as to why she argues her husband should have been allowed to testify more about her demeanor and behavior. She appears to claim that her husband's testimony would undercut the government's ability to prove mens rea or criminal intent. But the testimony that her husband would have given—including such things as his observations of Aleykina "planting fruit trees randomly in the back yard; purchasing spare kitchen appliances for no apparent reason; placing clean clothes on a pile in the middle of the room; keeping clothes, half-eaten food, and paperwork in her car; and frequently and randomly changing residences"—is not incompatible with the ability to form the requisite mens rea or criminal intent for the crimes Aleykina was charged with. Indeed, there was ample evidence properly before the jury that Aleykina was capable of forming the required criminal intent, including that she was still performing her duties as an IRS Special Agent investigating criminal tax fraud, and filing her own (false) tax returns, as well as her husband's.

Even if the district court had erred in limiting Aleykina's husband's testimony related to his observations of her behavior and demeanor, the error would be harmless because there is no reasonable probability that the jury's verdict would have changed if the excluded testimony had been offered. *See United States v. Edwards*, 235 F.3d 1173, 1178–79 (9th Cir. 2000). This is especially true given that

Aleykina's husband was not prevented from testifying that Aleykina "just wasn't herself," was "having trouble," and may have "had postpartum or something."

And even assuming the additional testimony about her behavior had some minimal probative value, the district court still acted within its broad discretion under the Federal Rules of Evidence by sustaining the government's objection and excluding this portion of the husband's testimony as substantially more confusing and prejudicial than probative. *See* FED. R. EVID. 403.

Lastly, Aleykina challenges the IRS expert's opinion testimony that her legal separation from her husband was not valid for federal tax purposes. She alleges that the expert testified outside of his expertise, usurped the jury's role, and made an improper legal conclusion. None of these challenges have merit.

The expert did not opine that Aleykina's separation was not valid as a matter of California law. Rather, he was offering his opinion that the separation—valid or not as a matter of state law—was obtained and used for invalid purposes from a federal tax standpoint. He opined that for federal tax purposes—such as head of household filing status—the separation was invalid based on all of the evidence that he reviewed. The expert pointed out that the evidence showed that Aleykina listed a false address in procuring her separation order, continued to live with her husband after her alleged separation, had another child with her husband, referred to her husband as her husband in emails, and held health insurance with her husband. Even

if the district court improperly allowed the expert to opine about Aleykina's separation during his testimony, the evidence that the expert relied on, and that the jury would have heard anyway, would lead a reasonable juror to reach the same conclusion.

**AFFIRMED**.